[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was originally returned to the Superior Court for the Judicial District of Hartford where it was assigned file number CV 87-0335043. This case was partially tried to the court in Hartford. When the undersigned was transferred from Hartford to New Haven this matter, upon agreement of the parties, followed. The trial was finished in New Haven.
In this action the court finds that on or about October 2, 1984 the defendant Nicholas E. Owen, II and the defendant Richard Owen each executed a guarantee in which they agreed to pay all amounts due from The Owen Organization to the plaintiff, Connecticut National Bank. Nicholas E. Owen, II was doing business as The Owen Organization, a trade name.
Starting on October 15, 1985, The Owen Organization issued a series of notes to the plaintiff and the plaintiff loaned monies to The Owen Organization as follows:
 October 15, 1985 $ 30,000.00 November 13, 1985 $195,000.00 November 25, 1985 $ 70,000.00 December 23, 1985 $ 32,000.00
CT Page 2814
These notes were renewed on October 1, 1986, new notes in like amounts replacing the old notes. This action in its first four counts seeks a judgment on each of the replacement notes. The fifth count is an action against The Owen Organization, Inc. That entity was never served. In any case, the plaintiff has withdrawn the fifth count.
Each of the notes provide for the payment of additional interest if unpaid when the payments are due. The notes also provide for costs of collection including attorney's fees and a waiver of presentation, protest and notice of dishonor.
The notes were not paid when due and demand for payment has been made.
There are no special defenses that the signatures on the notes are not genuine — see Conn. Gen. Stat. 42a-3-307 (1).
In each case the notes were originally given to secure a loan in the aforestated amounts. The last in the series of notes — the four notes dated October 1, 1986 — were renewals of the earlier notes.
Conn. Gen. Stat. 42a-3-413 (1) provides that the maker "engages that he will pay the instrument according to its terms at the time of his engagement."
If the notes sued on are proper, then the maker is liable.
The court further finds that the plaintiff would not have made the loans if the individual defendants had not guaranteed the obligations of The Owen Organization. The court further finds that the guarantees in this case were continuing guarantees in that they contemplated a future course of dealings between the parties. This case concerned a series of separate notes from October to December 1985. These notes were not paid but were extended at the request of the borrower and were ultimately rewritten as the four notes which are the subject of this action.
The defendant claims that the October 1, 1986 notes contain alterations. The court finds that the interest on the old notes was paid, that the plaintiff sent new notes to The Owen Organization. The notes were executed for The Owen Organization by the defendant Nicholas E. Owen, II and returned to the plaintiff bank with a letter dated October 16, 1986 that the notes were not in accord with the renewal agreement entered into by The Owen Organization and the plaintiff (Plaintiff's Ex. EE). As a result the plaintiff corrected the notes to to to agree to what the plaintiff and the defendant Nicholas E. Owen, II had agreed to, CT Page 2815 which lowered the interest rate and extended the due date. The bank officer responsible for the loan and the defendant Nicholas E. Owen, II each initialed the changes. Then the bank placed the notes in its vault until they were taken to the court and placed in evidence.
The court finds that the notes were not altered but corrected to agree with the intent of the parties and are enforceable.
Outstanding Principal Accrued Debt Total
Count 1 $ 30,000.00 $14,419.37 $ 44,419.37 Count 2 195,000.00 93,645.21 288,725.95 Count 3 70,000.00 33,645.21 103,645.21 Count 4 32,000.00 15,380.68 47,380.68
TOTAL $484,171.21
Judgment may enter in favor of the plaintiff against the defendants Nicholas E. Owen, II and Richard Owen in the amount of $484,171.21, plus costs.
JOSEPH B. CLARK, JUDGE CT Page 2816